# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCIA FREDERICK, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OLYMPIC COMMITTEE, USA GYMNASTICS (formerly known as the United States Gymnastics Federation), RICHARD CARLSON, MURIEL GROSSFELD, GEORGE WARD<br><br>    Defendants. | Civil Case No. 1:18-cv-11299 |

## DEFENDANT UNITED STATES OLYMPIC COMMITTEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant United States Olympic Committee ("USOC") opposes Plaintiff's motion for

leave to file a Notice of Supplemental Authority.

Plaintiff seeks to submit the December 10, 2018 Ropes & Gray Report on the Larry

Nassar sexual abuse scandal ("Report") as "supplemental authority."  But the Report is not a

judicial decision or any other legal authority, and therefore is not "authority" to be considered in

ruling on the pending motions to dismiss.  *See WildEarth Guardians v. Nat'l Park Serv.*, 804 F.

Supp. 2d 1150, 1156–57 (D. Colo. 2011) (rejecting submission of Secretary of Interior's oral

statement as "supplemental authority" where statement offered as "*evidence*, not legal

authority") (emphasis in original); *Foster v. Bridgestone Americas Tire Operations, LLC*, No.

11-175, 2013 WL 1363962, at *4 (S.D. Ala. Apr. 3, 2013) (striking submission of a transcript in

notice of supplemental authority because the transcript was "not authority at all, but a factual exhibit").

In addition, regardless of whether the Report actually is "authority," Plaintiff improperly uses her notice to submit additional legal arguments. *See* Notice at 2–4. Such notices are not avenues for new legal arguments. *See, e.g.*, *McGee v. Cole*, 993 F. Supp. 2d 639, 644 (S.D. W. Va. 2014) (granting motion to strike legal arguments from notice of supplemental authority); *Gizard v. Aztec RV Resort, Inc.*, No. 10-62298, 2011 WL 4345443 (S.D. Fla. Sept. 16, 2011) ("Put simply, notices of supplemental authority should not make legal argument."). Accordingly, even if the Court were to accept the Report as supplemental authority, Plaintiff's legal arguments accompanying the Report should be ignored.

Finally, the Report also has no relevance to the merits of Plaintiff's claims. The Report does not address or even mention Plaintiff or her abuser Defendant Carlson, and the Notice does not argue otherwise.   Instead, the Report focuses on events that occurred decades after Plaintiff's alleged abuse ended in the early 1980s. Thus the Report is of no help to the Court in evaluating the parties' motions to dismiss, including the Safe Sport Act and timeliness issues that are currently the subject of the Court's focus.[1] *See WildEarth Guardians*, 804 F. Supp. 2d at 1157 (rejecting notice of supplemental authority where statement did "not assist the Court in ascertaining or interpreting the applicable law"); *Durham Commercial Capital Corp. v. Select Portfolio Servicing, Inc*., No. 14-877, 2016 WL 6071633, at *9 n.8 (M.D. Fla. Oct. 17, 2016)

---

[1] Plaintiff asks the Court to consider the Report in evaluating "arguments relating to duty and breach," but the Court only needs to reach those questions if it rejects the parties' timeliness arguments. Notice at 4. Plaintiff also asserts in conclusory fashion that the Report is relevant to "timeliness" issues. *Id.* at 2, 4. But the timeliness inquiry here does not examine *defendants*' conduct; rather, the relevant question is "*plaintiff's* knowledge of a causal association between the abuse and the resulting psychological harm." *Flanagan v. Grant*, 79 F.3d 1, 3 (1st Cir. 1996) (emphasis added).

(striking defendant's notice of supplemental authority (a 4th Circuit opinion) because the opinion had "no relevance to the [legal] issues facing the Court, so it is not 'supplemental authority' with respect to" defendant's memorandum).

Instead, Plaintiff repeatedly mischaracterizes the Report and its findings.  As the Report itself states, the Ropes & Gray investigation was limited to determining "when individuals affiliated with USA Gymnastics or the USOC first became aware of any evidence of *Nassar's* abuse of athletes, what that evidence was and what they did with it."  Report at 13 (emphasis added).  Similarly, Plaintiff incorrectly asserts that the Report "sets forth a long history of 'inaction and concealment' by USAG and USOC," and that the Report describes USOC's "historic secrecy."  Notice at 2–3.  But the only concealment or secrecy discussed by the Report related to USOC occurred in 2015, decades after Plaintiff's alleged abuse ended.  Report at 9.  Further, while Plaintiff asserts that the Report discusses historical events that "negatively impacted" her, Notice at 2, the Report does not examine abuses that occurred during the time when Plaintiff was abused, nor does it examine USOC's actions or inactions related to abuse during that timeframe.

The Report is a meaningful source of information that helps USOC understand areas in which the Olympic committee failed athletes, and it highlights meaningful actions that have been taken and can be taken to protect athletes going forward.  But nothing in the report provides a basis to deny USOC's motion to dismiss, because the rules of law provide no basis under which USOC is liable to Plaintiff.

For the foregoing reasons, USOC respectfully requests that this Court deny Plaintiff's motion for leave to file a notice of supplemental authority.

Dated: December 23, 2018

Respectfully Submitted:

/s/  *Michael Maya*
MICHAEL MAYA (BBO #672847)
ANDREW SOUKUP (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C.
Tel.: + 1 (202) 662-6000
Fax: + 1 (202) 662-6291
Email: mmaya@cov.com
        asoukup@cov.com

MITCHELL A. KAMIN (*pro hac vice*)
CAROLYN J. KUBOTA (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Tel.: + 1 (424) 332-4800
Email: mkamin@cov.com
ckubota@cov.com

*Counsel for Defendant*
*United States Olympic Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2018 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(c).

/s/ *Michael Maya*
Michael Maya